JAMES WEED, Appellant, *v.* THE NEW YORK CENTRAL AND HUD-
SON RIVER RAILROAD COMPANY, Respondent.

*Negligence — gates at a railroad crossing, not in operation — it does not excuse a
person who knows that the gates are only operated at certain hours.*

The rule that a failure upon the part of a railroad corporation to shut gates, at a
railroad crossing, may be considered by the jury as evidence of negligence
upon the part of the corporation and also upon the question of a contributory
negligence on the part of the injured person, does not apply to the case of a
person, familiar with the crossing and aware that the corporation is accustomed
to operate the gates only between seven A. M. and seven-thirty P. M., who is
injured at ten minutes before six in the morning.

APPEAL by the plaintiff, James Weed, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Orange on the 22d day of April, 1895,
upon the verdict of a jury rendered after a trial at the Orange
Circuit, and also from the order denying the plaintiff's motion for
a new trial.

*A. H. F. Seeger*, for the appellant.

*Ashbel Green* and *A. S. Cassedy*, for the respondent.

PRATT, J. :

This was an action for damages for general injuries caused by
plaintiff's being run into by a south-bound train of defendant's on
the West Shore railroad at about ten minutes before six in the
morning. The action was tried before a jury and a verdict
rendered for defendant. The case was submitted to the jury under
a fair and unexceptionable charge, and there is no exception in the
case disclosing error sufficient to warrant a reversal of the
judgment.

The principal point made by the plaintiff to establish his case was
that the gate at the place where the highway crossed the track
where the plaintiff was injured was not manned and worked.

The answer to this proposition as well as to the cases cited upon
this point, is made by the fact that appeared upon the trial, that
defendant was accustomed to operate the gate only between
seven o'clock in the morning and seven-thirty P. M., and this fact

was known to the plaintiff, who was accustomed to cross the railroad at this point; therefore, those cases which hold a failure to shut the gate may be considered by the jury upon the question of the defendant's negligence and the plaintiff's freedom from contributory negligence, are not in point upon the case here.

All these latter named cases, which are of a similar character, have been the result of accidents taking place while gates were in operation, and the injury was inflicted upon persons not familiar with the locality.

We think the verdict was fully supported by the evidence and ought to stand.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.